# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-65-TLS |
| | ) | |
| CAMERON PATTERSON | ) | |

## OPINION AND ORDER

The Defendant, Cameron Patterson, pled guilty to armed bank robbery and aiding and abetting, violations of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant objects to certain portions of the PSR, raising three issues: (1) whether the base offense level should be enhanced for a firearm otherwise used or whether the base offense level should be enhanced for a dangerous weapon otherwise used; (2) whether the base offense level should be enhanced for the loss amount by one or two levels in light of the proposed amended sentencing guidelines effective November 1, 2015; and (3) whether the Defendant's criminal history category overstates the seriousness of his offenses. The Defendant also asks for a 4-level downward variance pursuant to 18 U.S.C. § 3553(a). The Government argues that the enhancements are appropriate and that a downward variance is not warranted in this case. The Defendant filed a Sentencing Memorandum [ECF No. 132] on June 9, 2015. The Government filed a Response [ECF No. 136] on June 11, 2015, and the Defendant filed a Reply [ECF No. 142] on June 17, 2015. The objections are ripe for ruling.

## FINDINGS OF FACT

Facts relevant to sentencing should be proved by a preponderance of the evidence. *United*

1

*States v. England*, 555 F.3d 616, 622 (7th Cir. 2009); *see also United States v. Krieger*, 628 F.3d 857, 862 (7th Cir. 2010) (advising that sentencing factors that do not increase the defendant's sentence beyond the statutory range may be found by the court at sentencing by a preponderance of the evidence). "A proposition proved by a preponderance of the evidence is one that has been shown to be more likely than not." *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012). The Federal Rules of Evidence do not apply to sentencing, *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005), and a court may rely on hearsay as long as the information "has sufficient indicia of reliability to support its probable accuracy," *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008) (quotation marks omitted); *see also United States v. Isom*, 635 F.3d 904, 908 (7th Cir. 2011) ("At sentencing, courts may rely on presentence reports containing even double-hearsay, i.e., statements by coconspirators to investigators, so long as those statements are reliable."). At sentencing, "a district judge 'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *United States v. Bautista*, 532 F.3d 667, 672 (7th Cir. 2008) (quoting *United States v. Johnson*, 489 F.3d 794, 796–97 (7th Cir. 2008)). "Sentencing judges necessarily have 'discretion to draw conclusions about the testimony given and evidence introduced at sentencing,' but 'due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations.'" *United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010) (quoting *England*, 555 F.3d at 622). "A district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *Rollins*, 544 F.3d at 838. "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, a court may rely on it. *Id.*

On May 29, 2013, the PNC Bank at 1102 North Jefferson Street, State Road 1, Ossian,

Indiana, was robbed by three individuals. Subject 1, armed with a handgun, entered the bank and demanded that an employee take him to the cash vault. Subject 2 followed Subject 1 behind the counter and ordered an employee to empty the teller's cash drawer into a dark blue canvas gym back he had carried into the bank. Subject 3 remained in the lobby area near the front door. At the conclusion of the robbery, the three Subjects fled the scene in a purple, older style, minivan with $51,150.

Subsequent investigation identified Subject 3 as potentially being the Defendant. On July, 23, 2013, the Defendant spoke with a Special Agent and FBI Task Force Officer regarding the robbery. The Defendant told the officers that he and the other two individuals had discussed robbing the bank numerous times, but the idea never developed into more than just conversation until May 29, 2013, the date of the robbery. The Defendant drove the minivan with the other two men as passengers to check on the PNC bank. Once there, one of the individuals was very emphatic about doing the bank robbery right then, telling the Defendant and the other individual that "It's either now or never." He jumped out of the van and walked toward the bank, followed by the other individual and the Defendant. The Defendant stated that he paused for a second and considered running away or not going in, but knew he was already involved and felt that he would be in more danger if he did not go in because one of the individuals had a gun that, presumably, might be turned on him. The Defendant's role during the bank robbery was to make sure none of the employees fled out the front door. After the robbery was complete, the Defendant drove the minivan from the bank with the other two individuals riding in the van.

A single-count Indictment was filed on August 28, 2013, and on April 7, 2015, the Court accepted the Defendant's plea of guilty. The addendum to the PSR indicated that the the Defendant had objections to the application of various enhancements to the Defendant's base

3

offense level as found in the PSR. The parties presented their arguments through briefing without the need of an evidentiary hearing. Having considered the complete record in this case and the parties' arguments, the Court will now discuss each objection in turn.

## ANALYSIS

**A.    Enhancement for Firearm Otherwise Used**

The Defendant argues that the six-level enhancement for a firearm was otherwise used, pursuant to U.S.S.G. §3B3.1(b)(2)(B) and found in paragraph 30 of the PSR, is inappropriate because there is no evidence that the dangerous weapon in this case was a firearm, no firearm was ever recovered, and the Indictment charges him with use of a dangerous weapon, not use of firearm. Instead, the Defendant argues that he should receive a four-level enhancement for a dangerous weapon otherwise used, pursuant to U.S.S.G. §3B3.1(b)(2)(D).

In its Response, the Government asserted without argument that the six-level enhancement was appropriate. However, in the Second Addendum to the PSR [ECF No 147] the probation officer informs the Court that she conferred with the Government, who advised that it would be more appropriate to assess a four-level enhancement for a dangerous weapon otherwise used, pursuant to U.S.S.G. §3B3.1(b)(2)(D), because the weapon was not recovered and there is no corroborating evidence that it was indeed a firearm and not a dangerous weapon. Therefore, the Probation Officer revised the PSR to reflect a four-level enhancement pursuant to U.S.S.G. §3B3.1(b)(2)(D).

The parties submitted their briefing before the subsequent revisions to the PSR, which now reflects the changes that the Defendant sought in his objection. The Court finds that the four-level enhancement for a dangerous weapon otherwise used, pursuant to U.S.S.G.

§3B3.1(b)(2)(D), is appropriate and the Defendant's objection is overruled as moot.

## B. Enhancement for Loss Amount

The Defendant argues that the two-level enhancement for loss amount, pursuant to U.S.S.G. §2B3.1(b)(7)(C) and found in paragraph 32 of the PSR, is inappropriate because the proposed amendments to the sentencing guidelines set to take effect on November 1, 2015, would impose only a one-level enhancement for a robbery with a loss amount of greater than $20,000 but less than $95,000. The Defendant does not challenge the accuracy of the guideline calculation, but he asks the Court to grant him a variance from the guidelines and sentence him pursuant to the guidelines that will become effective on November 1, 2015.

The Government is aware of the proposed amendments to the guidelines that are expected to go into effect on November 1, 2015, unless modified or disapproved by Congress, but argues that the two-level enhancement is proper because the Defendant is likely to be sentenced before the proposed amendments to the guidelines take effect. However, the Government recognizes that the Court has discretion to grant a variance from the guidelines after promulgation but before adoption of a proposed amendment under *Kimbrough v. United States*, 552 U.S. 85 (2007). Nevertheless, the Government asks the Court to follow the current guidelines in imposing a sentence.

The Court finds that the two-level enhancement for loss amount, pursuant to U.S.S.G. §2B3.1(b)(7)(C), is appropriate based upon the current version of the sentencing guidelines. As such, the Defendant's objection is overruled. The Court will consider the Defendant's arguments as a request for a variance pursuant to 18 U.S.C. § 3553(a), which are discussed in Part D.

## C. Criminal History

The Defendant acknowledges that he has ten (10) criminal history points, resulting in a criminal history category of V. However, he argues that the PSR's criminal history calculation over-represents the seriousness of his criminal history. In particular, the Defendant argues that four of his criminal history points are for misdemeanor convictions and that he only has one conviction for a violent crime. In addition, the Defendant argues that one of his criminal history points resulted from his noncompliance with unsupervised probation, which led to a jail sentence that had been previously suspended. The Defendant argues that had he not violated the terms of his unsupervised probation and completed his original sentence, he would have one less criminal history point and would be within criminal history category IV. He argues that his criminal history is not comparable with others who are in criminal history category V, and that it would be more appropriate to classify him within criminal history category VI. The Government argues that criminal history category V does not overstate the seriousness of his past criminal history, and that the Defendant admits that he has ten (10) criminal history points, putting him in criminal history category V.

The Court finds that the Defendant does not dispute the number of criminal history points or their calculation within the guidelines as established in the PSR. Although he contends that they overstate the seriousness of his past criminal history, this is an argument for a variance pursuant to the sentencing factors of § 3553(a) rather than an objection to the calculation of the guidelines. As such, the Defendant's objection is overruled, but the Court will consider the Defendant's arguments as a request for a variance.

**D.    § 3553(a) Variance**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence); *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008) (same). While the Defendant's objections to the PSR lack merit, the Court must still apply the criteria set forth in § 3553(a) to the facts and circumstances of the Defendant's particular case. After considering the § 3553(a) factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the following purposes of sentencing: just punishment, respect for the law, deterrence, protection of the public, and rehabilitation of the defendant. In making this determination, a district court may not presume that the guideline sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). When evaluating the Guidelines recommendation, a court may consider whether the Sentencing Commission fulfilled its "characteristic institutional role" in adopting the particular guideline, *see Kimbrough*, 552 U.S. at 109, and the court may reject any guideline on policy grounds, *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010). Ultimately, a court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

Of particular relevance here is § 3553(a)(1), which requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." As stated above, the Defendant argues that he should be sentenced according to the proposed

amendments to the guidelines set to take effect on November 1, 2015, whereby the Defendant's current involvement ($51,150) for loss amount would be assessed a one-level enhancement. Because the current version of the guidelines calls for a two-level enhancement pursuant to U.S.S.G. §2B3.1(b)(7)(C), the Defendant requests a one-level variance from the guidelines.

The guidelines provide that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced" unless the Court determines that doing so would violate the ex post facto clause of the United States Constitution. U.S.S.G. §1B1.11. Here, the Defendant asks for a one-level variance that would, in effect, allow him to be sentenced pursuant to the proposed amendments rather than the guidelines in effect at the time of his sentencing. Upon review of the proposed amendments to the guidelines, including the changes for the enhancement for loss amount, the Court finds that there is nothing indicating that the proposed amendments are to have retroactive effect. The Court finds that the two-level enhancement for the loss amount is appropriate in this case, and will deny the Defendant's request for a one-level variance in light of the proposed amendments to the sentencing guidelines regarding loss amount. If the proposed amendments are altered to add language indicating that they should have retroactive effect and would thus subsequently lower the Defendant's sentencing range after he has been sentenced, the Defendant may file a motion seeking to modify his sentence pursuant to 18 U.S.C. § 3582(c).

The Defendant also argues that his criminal history category overstates the seriousness of his criminal history. In the Addendum to the PSR, the probation officer suggests that this objection would be better addressed as a request for a downward departure pursuant to U.S.S.G. §4A1.3(b)(1), which provides that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward

8

departure may be warranted." Upon review of the Defendant's criminal history, the Court finds that a one-level variance is appropriate based on the history and characteristics of the Defendant. § 3553(a). The Defendant has accumulated sufficient criminal history points to qualify for criminal history category V and the Court finds that a reduction by one whole criminal history category is unwarranted. However, the Court finds that the Defendant's criminal history category does over-represent the seriousness of his criminal history. In particular, the Court notes that much of the Defendant's criminal history involved misdemeanor convictions and that the additional point given for the probation violation over-represents the seriousness of his criminal history, as it raised his criminal history category by an entire level for relatively minor violations of unsupervised probation.

Finally, the Defendant asks for a four-level variance pursuant to the § 3553(a) sentencing factors. In particular, the Defendant argues that certain traumatic experiences from his childhood, including the culture of drugs and violence that surrounded him, made it seemingly inevitable that he would end up before this Court. He argues that a combination of circumstances that failed to provide him with the appropriate support as a child resulted in the lack of development of goals or a sense of academic achievement or professional accomplishment. Rather, the Defendant argues that the best he could hope for was survival, and that imprisonment will not serve to rehabilitate him. The Government asserts that it does not believe that a variance under § 3553(a) is warranted.

Although the circumstances surrounding the Defendant's childhood are unfortunate, they are not atypical. Regretfully, many children must overcome and persevere through difficult childhood experiences. At a young age, the Defendant frequently witnessed violence and drug abuse, and occasionally was a victim of violence. The Defendant lost both of his parents at a

9

young age, but had the care of family members, particularly two aunts, who stepped in to raise him in a supportive environment. Nevertheless, the Defendant has dealt with substance abuse issues and has made poor decisions. A review of his conduct in this case, as well as his previous criminal history, reveals that he has often associated himself with individuals engaged in criminal activity. Although he was involved and is responsible for their joint criminal activity, his involvement was often in a more passive role, such as serving as a lookout, demonstrating a more minor role in many of the offenses. Indeed, he appears to be somewhat of a reluctant participant in the offense conduct in this case, for he apparently hesitated and questioned whether he should participate, yet still decided to proceed because he knew he was already involved. This apparent moment of reluctance reveals that the Defendant knew the wrongness of his conduct, but chose to continue anyway. The Court finds that the four-level variance requested by the Defendant is not appropriate, but that a one-level variance is justified based upon the nature and circumstances of the offense and the history and characteristics of the Defendant.

Therefore, the Court finds that, pursuant to the sentencing factors of § 3553(a), the history and characteristics of the Defendant and the nature and circumstances of the offense justify a two-level variance in this case. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment, including the need to provide just punishment for the offense, to impose a sentence that reflects the seriousness of the offense and that promotes respect for the law, to adequately deter future criminal conduct, to protect the public from future crimes of the defendant, and to avoid unwarranted disparity in sentencing.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Defendant's objections to the

PSR, and GRANTS the Defendant's request for a variance pursuant to 18 U.S.C. § 3553(a). The Court finds that a two-level variance is sufficient but not greater than necessary to meet the purposes of sentencing in this case and is consistent with the statute. The Sentencing set for Thursday, September 10, 2015, at 11:00 AM is CONFIRMED.

  SO ORDERED on September 2, 2015.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT