UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-65-TLS |
| | ) | |
| CAMERON PATTERSON | ) | |

**OPINION AND ORDER**

On September 10, 2015, this Court sentenced the Defendant, Cameron Patterson, on his plea of guilty for armed bank robbery. Thereafter, he filed an unsuccessful appeal of the Court's denial of his pretrial motion to suppress, which he had reserved the right to do in his plea agreement with the Government. The Defendant did not file a petition for writ of certiorari. On August 28, 2017, the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 207]. The Court directed the Government to file a response to the Defendant's Motion.

On October 30, 2017, the Government responded, requesting that the Court deny the Defendant's Motion as untimely filed. Under § 2255(f), a one-year period of limitation runs from the latest of several dates. The relevant trigger in this case is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). According to the Government, the one-year period began to run on June 14, 2016, when the court of appeals issued its judgment affirming the district court's order denying the Defendant's motion to suppress.

If that were correct, the Defendant's August 28, 2017, Motion would indeed be untimely. But the Government's calculation is erroneous. It does not take into account that, when a defendant does not seek certiorari, his federal conviction becomes final under § 2255(f)(1) with the expiration of the time within which to file a petition for a writ of certiorari. *Clay v. United*

*States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see also Flowers v. United States*, 560 F. Supp. 2d 710, 714 (N.D. Ind. 2008) (rejecting the government's argument that the defendant's habeas motion was untimely because the government's calculation was based on the date the court of appeals affirmed his conviction rather than ninety days later "when the time for filing a petition to contest the appellate court's decision expire[d]").

Under Supreme Court Rule 13(1), a petition for a writ of certiorari to review a judgment must be filed within ninety days after entry of the judgment. Sup. Ct. R. 13(1). Moreover, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup. Ct. R. 13(3). For the Defendant's motion to be timely under § 2255(f)(1), the motion must have been filed no more than one year and ninety days after the Seventh Circuit entered its final judgment on his appeal, that is, by September 12, 2017. Thus, the Defendant's August 28, 2017, Motion is timely.

## CONCLUSION

For the reasons stated above, the Defendant's Motion [ECF No. 207] remains UNDER ADVISEMENT, and the Government is directed to respond to the Defendant's Motion as if it were timely filed. The Government's response is to be filed by December 1, 2017. The Defendant's reply deadline is January 5, 2018.

SO ORDERED on November 1, 2017.

             s/ Theresa L. Springmann
             CHIEF JUDGE THERESA L. SPRINGMANN
             UNITED STATES DISTRICT COURT